IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ADDIE L. JACKSON, | ] |
| | ] |
|     Plaintiff, | ] |
| | ] |
| v. | ]    CV-07-BE-2202-S |
| | ] |
| SAMUEL FISHER and | ] |
| WIGGINS, CHILD, QUINN, & | ] |
| PANTAZIS, LLC., | ] |
| | ] |
|     Defendants. | ] |

**MEMORANDUM OPINION**

    This case comes before the court on the "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)" (doc. 3), filed by Defendants Samuel Fisher and the law firm of Wiggins, Childs, Quinn & Pantazis, LLC (collectively "the law firm"). After reviewing the motion, this court ordered Plaintiff to show cause why the motion should not be granted. Plaintiff responded by the deadline, and supplemented her response approximately one week later. After considering Defendants' motion, as well as Plaintiff's two written responses and voluminous submissions of "evidence," the court concludes that it lacks subject matter jurisdiction for the reasons stated below. Accordingly, the court will GRANT Defendants' motion to dismiss.

**I.  RELEVANT BACKGROUND**

    In 1997, Plaintiff employed the law firm to represent her in a lawsuit against Cooper Green Hospital and the Jefferson County Personnel Board. On August 28 of that year, Plaintiff signed a Contingent Fee Agreement, which provided for a fifty percent contingent fee plus expenses. The parties settled that lawsuit on June 21, 2000 for $35,599.80 in back pay and

$35,339.00 in pension benefits.  After certain deductions specified in the settlement agreement, Plaintiff was to receive a lump sum of $54,548.41.

Jefferson County, in paying the settlement funds, tendered one or more checks totaling $35,339.00 directly to Plaintiff, and one or more checks totaling $19,209.41 directly to the law firm, which deposited the funds in its trust accounts.  Pursuant to the Contingent Fee Agreement, however, the law firm was entitled to $33,493.40 – fifty percent of the lump sum, or $27,274.20, plus $6,219.20 for expenses incurred in the representation.

On April 6, 2004, Plaintiff filed a complaint against the law firm in the Circuit Court of Jefferson County, Alabama.  She asserted a claim under the Alabama Legal Services Liability Act ("ALSLA").  The law firm counterclaimed for the remainder due it under the Contingent Fee Agreement.  On August 17, 2005, the Honorable Allwin E. Horn, III granted the law firm's motions for summary judgment on all claims.  Thus, Plaintiff's ALSLA claims were dismissed, and Judge Horn entered judgment in favor of the law firm in the amount of $14,283.99 – the difference between fees due under the Contingent Fee Agreement and the amount previously paid directly to the law firm by Jefferson County.

The Alabama Court of Civil Appeals affirmed the Circuit Court's order and certified the judgment on March 17, 2006.  Plaintiff's motion for rehearing was denied a month later. Plaintiff appealed to the Alabama Supreme Court twice at different stages of the state-court proceedings.  Upon her second petition for *certiorari* to the Alabama Supreme Court, the Court denied the petition and certified the judgment on January 12, 2007.  Plaintiff also filed two petitions for *certiorari* to the United States Supreme Court, both of which were denied.  Most recently, the United States Supreme Court denied Plaintiff's petition for rehearing on November 26, 2007.

On December 5, 2007, Plaintiff, acting *pro se*, filed her complaint in this court. Plaintiff lists as her statement of claim a "Claim of Unconstitutionality M.D. LR 24.1(a)(b)(c)" and states as facts: "The Trial Court's August 15, 2005, Order for Summary Judgment assigned and attached, 3 years, exempt pension funds against state law." Plaintiff requests (1) "Relief from Summary Judgment. Case reversed and remanded for Jury Trial;" and (2) a stay pending appeal to the Eleventh Circuit Court of Appeals.

The law firm moved to dismiss Plaintiff's complaint on December 28, 2007. The Defendants argue that Plaintiff's claims are due to be dismissed based on the following grounds: (1) *stare decisis*; (2) lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine; (3) *res judicata*; (4) *collateral estoppel*; and (5) failure to state a claim upon which relief can be granted. Because the court concludes that it lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine, it need not reach the law firm's other arguments.

## II.  STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the court's subject matter jurisdiction. The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). The moving party may challenge subject matter jurisdiction either facially or factually. *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n. 5 (11th Cir. 2003). A "facial attack" is based <u>solely</u> on the pleadings and requires the court to assess whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction. *Id.* Further, for the purposes of the court's analysis of a facial attack, the allegations in the plaintiff's complaint are taken as true. *Id.*

On the other hand, a "factual attack" challenges "subject matter jurisdiction in fact, irrespective of the pleadings." *Morrison*, 323 F.3d at 925. When a defendant factually attacks

subject matter jurisdiction, "the district court is free to independently weigh facts, and may proceed as it never could under Rule 12(b)(6)." *Id.* Because the issue presented by a motion to dismiss under Rule 12(b)(1) is "the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the exercise of its power to hear the case." *Id.*

### III.  DISCUSSION

The *Rooker-Feldman* doctrine claims its origins in the 1923 case of *Rooker v. Fidelity Trust*, 263 U.S. 413 (1923). In *Rooker*, parties unhappy with their state court result turned to the federal courts to "null and void" the state court decision as a violation of the U.S. Constitution. 263 U.S. at 414-15. "If the [state court] decision was wrong," the Supreme Court observed, "that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding." *Id.* at 415. Federal district courts are not appropriate fora for such appellate proceedings, the Court continued; they possess "strictly original" jurisdiction. *Id.* at 416.

Sixty years later, in *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), the Court again barred plaintiffs aggrieved by a state court decision from seeking relief in the federal courts. The *Feldman* plaintiffs challenged in federal court the District of Columbia's highest court's denial of their petitions for waiver from the District's rule requiring bar applicants to have graduated from accredited law schools. *Feldman*, 460 U.S. at 472-73. After first determining that the District of Columbia court's actions were "judicial in nature," *id.* at 479-82, the Court held that the federal district court lacked subject matter jurisdiction to review the denial of the plaintiffs' waiver petitions because only the Supreme Court may review final state court judgments in judicial proceedings. *Id.* at 482. The Court noted, however, that the plaintiffs

could have challenged the constitutionality of the District of Columbia's bar rules so long as they did not seek review of a final state court judgment in a judicial proceeding. *Id.* at 486. From these two cases emerged the *Rooker-Feldman* doctrine.

The Supreme Court has not dismissed an action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine since its decision in *Feldman*. Because "the lower federal courts have variously interpreted the *Rooker-Feldman* doctrine to extend far beyond the contours of the *Rooker* and *Feldman* cases," however, the Court clarified application of the doctrine in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 (2005). The Supreme Court held that the *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. at 284.

In this case, Jackson requests review and reversal of the state court's order of summary judgment against her. Plaintiff's complaint, therefore, falls <u>precisely</u> within the narrow confines to which the Supreme Court has limited the *Rooker-Feldman* doctrine. *See Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 718 (4th Cir. 2006) (holding that, under *Exxon Mobil*, the *Rooker-Feldman* doctrine bars claims in federal court that "seek[] redress for an injury caused by the state-court decision <u>itself</u>") (emphasis added). Consequently, this court lacks subject matter jurisdiction over this action.

### IV.  CONCLUSION

For the reasons stated above, the court concludes that the *Rooker-Feldman* doctrine divests this court of subject matter jurisdiction over Plaintiff's claims. Accordingly, Defendants'

motion to dismiss will be GRANTED, and Plaintiff's complaint will be DISMISSED WITHOUT PREJUDICE. The court will enter a separate order consistent with this memorandum opinion.

DATED this 22nd day of April, 2008.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE